UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANGEL EVARISTO RAMIREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>SPOKANE COUNTY JAIL and SPOKANE COUNTY DISTRICT COURT,<br><br>    Defendants. | 2:16-CV-00404-SAB<br><br>**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE** |

By Order filed January 17, 2017, the Court advised Plaintiff, a *pro se* post-conviction prisoner at the Kootenai County Jail in Idaho, of the deficiencies of his complaint and directed him to amend or voluntarily dismiss within sixty (60) days. Although the Court was concerned about the discriminatory tone of Plaintiff's arguments, he had failed to properly identify Defendants or to state what they did which violated his constitutionally protected rights. ECF No. 7.

The Court cautioned that failure to amend as directed would result in dismissal of the complaint. Despite this admonition, Plaintiff has not amended the complaint and he has filed nothing further in this action.

//

//

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE -- 1**

## DISMISSAL FOR FAILURE TO OBEY A COURT ORDER

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). The Court should consider five factors when deciding whether to dismiss a case for failure to obey a court order: (1) The public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Id.* at 1260-61 (citations omitted).

The first two factors weigh in favor of dismissal. The need to manage the docket and the public's interests are served by a quick resolution of civil rights litigation. The third factor also favors dismissal. Defendants will not be prejudiced if the claims are dismissed because the defendants have not yet been served. Only the fourth factor arguably weighs against dismissal. However, Plaintiff has simply not yet presented a sufficient case. As for the fifth factor, the only less drastic alternative would be to allow Plaintiff yet more time to amend his complaint. Plaintiff, however, has already had two months in which to file an amended complaint; and failed to do so. Allowing a further extension would frustrate the purpose of the first two factors; therefore, the fifth factor favors dismissal.

On balance, the four factors that favor dismissal outweigh the one that does not. *Ferdik*, 963 F.2d at 1263 (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (four factors heavily supporting dismissal outweigh one against dismissal), *cert. denied*, 488 U.S. 819 (1988)).

//
//
//
//
//

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's Complaint, ECF No. 6, is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.** The Clerk of Court is directed to **ENTER** this Order, **ENTER** judgment of dismissal, **FORWARD** copies to Plaintiff at his last known address, and **CLOSE** the file. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

**DATED** this 3rd day of May, 2017.

_Stanley A. Bastian_
Stanley A. Bastian
United States District Judge